IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Joseph H. Allsup, | Case No. 3:10 CV 2641 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Keith A. Everhart, et al., | |
| Defendants. | |

*Pro se* Plaintiff Joseph Allsup, Jr. filed this 42 U.S.C. § 1983 action against Defendants Hardin County Sheriff Keith Everhart, Hardin County Deputy Sheriffs Ronald Lee, Dwight Underwood, and Scott Holbrook, Kenton Police Officers Rob Deckling and Daniel Carroll, Kenton Police Detective Brian Beach, and Kenton Patrolman Edwin McNamara, Jr. Plaintiff alleges Defendants used excessive force during his arrest.

### BACKGROUND

The relevant factual information is adopted from the Ohio court of appeals decision. *State of Ohio v. Allsup*, 2011 WL 332734 (Ohio Ct. App. 2011). Plaintiff alleges he and his brother, Wayne Allsup ("Wayne"), stopped at Jumpin' Jimmy's store in Kenton, Ohio on April 3, 2009[1] to purchase beer. Plaintiff remained in the driver's seat of his truck. Officer Deckling entered the store, recognized Wayne, and recalled there was an outstanding warrant for his arrest. Deckling returned to his police cruiser to verify the information. After receiving confirmation of the warrant, Deckling

---

[1] Plaintiff was arrested on April 3, 2009; however, his Complaint erroneously indicates 2010.

approached the vehicle and informed Wayne that he needed to exit the truck. Wayne turned to Plaintiff and said, "Let's go, dude." Plaintiff and Wayne fled in the truck. Deckling returned to his cruiser and pursued the truck with his lights and siren activated.

Deckling and Plaintiff differ on the sequence of events that followed. Plaintiff contends Deckling rammed the police cruiser into his truck (Doc. No. 1, at 4). Deckling testified that Plaintiff suddenly stopped his truck in the midst of the chase, put the truck into reverse, and rammed into the police car. The impact crumpled the hood of the cruiser and broke the headlight. Deckling suffered an injury to his leg, but was able to continue his pursuit of the truck. After the collision, the truck continued down the road with Wayne throwing various items at Deckling's cruiser from the passenger side window. Plaintiff and Wayne were eventually apprehended after Defendants placed stop sticks in the road to flatten the truck's tires.

Plaintiff was charged in the Hardin County Court of Common Pleas with failure to comply with the order or signal of a police officer, felonious assault with a deadly weapon with a peace officer specification, complicity to vehicular vandalism, vandalism, driving under suspension or license restriction, and operating a vehicle under the influence of alcohol or drugs. Plaintiff pled not guilty by reason of insanity. He claimed that he suffered an injury when a tree limb fell on his head weeks prior to the incident. He further claimed that he suffered from blackouts as a result of the injury, and that he had experienced a blackout at the time of the incident. Plaintiff was not permitted to present evidence of a blackout to the jury because his testimony was insufficient to establish that he suffered a blackout at the time of the police chase, and the testimony served no other purpose. Plaintiff was convicted of the charges and sentenced to ten years and six months incarceration. His conviction was upheld by the Ohio court of appeals.

2

Plaintiff filed this action claiming that Officer Deckling used excessive force by ramming his vehicle with the police cruiser. He asserts the remaining Defendants failed to properly train and supervise Officer Deckling. He also contends the court improperly precluded evidence of his head injury. Plaintiff seeks monetary damages and equitable relief in the form of requiring the County Sheriff to adopt, train, and enforce appropriate policies preventing such misconduct.

## **ANALYSIS**

*Pro se* pleadings are to be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*). However, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

Plaintiff cannot file a civil rights action to collaterally attack his conviction. A prisoner may not raise claims in a Section 1983 action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive or monetary relief. *Wilson v. Kinkela*, 1998 WL 246401, at *1 (6th Cir. 1998). Plaintiff claims Deckling drove the police cruiser into his truck. Plaintiff was convicted, however, of reversing his truck into the police car. He also claims he was not permitted to present evidence of head trauma and blackouts to prove he did not possess the requisite criminal intent to commit the crimes. If found to have merit, these claims would call into question the validity of his conviction. As such, he must also allege his conviction was invalid but

3

his conviction was upheld by the Ohio court of appeals. His claims pertaining to his arrest and conviction must therefore must be dismissed.

Plaintiff also claims Defendants failed to train or supervise Deckling. *Respondeat superior* is not a proper basis for liability under Section 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003). Supervisors cannot be held liable solely on the right to control employees, or simple awareness of employees' misconduct. *Id.* Furthermore, a supervisor's failure to monitor, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). These principles make clear that a prerequisite of supervisory liability under Section 1983 is unconstitutional conduct by the subordinate. *McQueen v. Beecher Cmty. Schools,* 433 F.3d 460, 470 (6th Cir. 2006). Because Plaintiff fails to set forth a viable claim against Deckling, it necessarily follows that the claims against his supervisors for improper training and supervision must also fail.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 26, 2011